**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| Elizabeth A. Lassiter, <br>                     Plaintiff, <br><br> v. <br><br> Discover Bank; and DOES 1 through 100 inclusive, <br><br>                                   Defendants. | § <br> § <br> §    CASE NO. 5:22-cv-1050 <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § |

COMES NOW Plaintiff **ELIZABETH A. LASSITER** ("Plaintiff"), an individual, based on information and belief, to allege as follows:

## INTRODUCTION

1. This case arises under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. Plaintiff seeks redress for the unlawful and deceptive practices committed by the Defendants in connection with their unlawful and unauthorized access to Plaintiff's credit report.

2. Defendant Discover Bank accessed Plaintiff's Equifax credit report and TransUnion credit report as well as her personal and confidential information without a permissible purpose.

3. Discover Bank obtained Plaintiff's Equifax credit report and TransUnion credit report for a purpose that was not authorized by the FCRA.

4. The United States Congress passed the FCRA to ensure fair and accurate credit reporting, promote efficiency in banking, and to protect consumers' privacy. Violations of the FCRA impair the efficiency of the banking system and expose consumers to grave privacy risks; both of which undermine the public confidence that is essential to the continued functioning of the lending industry and credit reporting system.

5. The FCRA prohibits users of a consumer's credit report from obtaining the report unless the user has a permissible purpose for procuring the report as defined in the statute. However, creditors intentionally and routinely ignore FCRA requirements for legally accessing a consumer's credit report

6. Creditors accessing a consumer's credit reports outside of these limited purposes was not the intent of Congress when it enacted the Fair Credit Reporting Act.

## JURISDICTION & VENUE

7. Plaintiff re-alleges and incorporates the allegations in each and every paragraph above by reference as if fully stated herein.

8. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1681.

9. This venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

10. Plaintiff alleges that, for purposes of establishing residency under 28 U.S.C. § 1391(b)(1), each of the named Defendants conducts sufficient business within the forum state and this Court has personal jurisdiction over each Defendant under 28 U.S.C. §§ 1391(c)(2) and 1391(d).

## GENERAL ALLEGATIONS

11. Plaintiff alleges that she previously had an account with Discover Bank, and that the debt occurred pre-petition and was subsequently discharged in her Chapter 7 bankruptcy.

12. Plaintiff alleges that the Discover Bank account is closed since it was discharged on April 9, 2021.

13. Plaintiff alleges that Discover Bank pulled her Equifax credit report on December 7, 2021 (the "Equifax Impermissible Pull"). This inquiry is coded as a "Collection Inquiry".

14. Plaintiff alleges that Discover Bank pulled her TransUnion credit report on December 7, 2021 (the "TransUnion Impermissible Pull"). This inquiry is coded as an "Account Review Inquiry".

15. The Equifax Impermissible Pull and the TransUnion Impermissible Pull referenced herein, collectively as the "Impermissible Pulls".

16. Plaintiff alleges that at the time of the Impermissible Pulls, she had no personal or business relationship, nor had she inquired about a personal or business relationship, with Discover Bank.

17. Plaintiff alleges that from April 9, 2021 to December 7, 2021, she never conducted any business with or incurred any financial obligations to Discover Bank.

18. By accessing Plaintiff's credit reports, Discover Bank obtained personal and confidential information about her, including her current and past addresses, birthdate, employment history, and telephone numbers. In addition, unknown employees, representatives, marketing and business affiliates, and/or agents of Discover Bank also have viewed or have access to this sensitive, private information.

19. Plaintiff alleges Discover Bank knew or should have known it had no permissible purpose to access her Equifax credit report or TransUnion credit report and private information.

20. Plaintiff alleges the Impermissible Pulls were made without her knowledge or consent and violated her privacy.

21. Plaintiff alleges each of the Impermissible Pulls were an attempt to collect on a discharged debt in violation of the bankruptcy discharge order.

22. In the alternative, Plaintiff alleges each of the Impermissible Pulls were in response to and/or in preparation of litigation which is not a permissible purpose under the FCRA.

23. Plaintiff alleges that each and every Defendant is familiar with the FCRA requirements and subscribes thereto.

24. Plaintiff alleges that all of Defendants' actions alleged herein were committed knowingly, intentionally, and in reckless disregard of the unambiguous meaning of the FCRA, regulatory guidelines on proper credit report authorization, and credit reporting industry standards to purposefully undermine Plaintiff's ability to control access to her private information.

25. In the alternative, Plaintiff alleges that each and every Defendants' actions were the result of negligent policies, procedures, and an objectively unreasonable interpretation of the FCRA, all which inevitably led to the Impermissible Pulls.

**FACTUAL BACKGROUND**

26. Plaintiff re-alleges and incorporates the allegations in each and every paragraph above by reference as if fully stated herein.

**A.   Credit Inquiries**

27. Once a relationship between a consumer and creditor exists, and limited to the period where that relationship continues, the creditor may be allowed access that consumer's report, which is considered an "Account Review Inquiry", by contacting one or more credit bureaus to review a consumer's FICO scores and other personal information.

28. These inquiries will remain on the credit report for two (2) years from the date of the inquiry.

29. TransUnion defines these Account Review Inquires on the face of its credit reports as follows, "The listing of a company's inquiry in this section means that they obtained information from your credit file in connection with an account review or other business transaction with you."

30. Equifax includes a description of various inquiries on the face of its credit report which states, "These are inquiries, for example, … [include] periodic account reviews by an *existing* creditor…" (emphasis added).

31. Similarly, Experian's description of various inquires on the face of its credit report states, "Soft inquiries are generally initiated by others, … [including] lenders periodically reviewing your *existing* credit accounts." (emphasis added).

32. Courts have discussed this as well by stating, "[t]he FCRA is clear that account review inquiries are permissible to determine whether the consumer continues to meet the terms of the account. 15 U.S.C. § 1681b(a)(3). The operative word in this provision is "continues," which indicates Congress recognized that once an individual terminated his relationship with a lender it was no longer permissible for the lender to access the account—precisely because the lender would have no reason for doing so." *In re Ocwen Loan Servicing LLC*, Case No. 3:16-cv-00200-MMD-WGC, 2017 WL 1289826, at *5 (D. Nev. Mar. 3, 2017) (rev'd on other grounds).

33. A bankruptcy discharge of an account terminates the relationship between the consumer and the creditor and the creditor's right to access, review, or otherwise inquire about a consumer's credit file. *See id.*

34. Obtaining a credit report in support of litigation is not among the listed permissible purposes. *Rodriguez v. Your First Choice, LLC*, Case No. 2:16-cv-02447-APG-CWH, 5 (D. Nev. Oct. 25, 2017) (citing *Mone v. Dranow*, 945 F.2d 306, 308 (9th Cir. 1991) (finding that using a credit report in litigation is not a "legitimate business need" under the statute and thus not a permissible purpose")).

35. Credit reports contain private and sensitive information about a given consumer. As such, the FCRA details the limited permissible purposes under which a person may access a consumer's reports as well as requiring the credit reporting agencies maintain procedures to identify the inquiring party, certify the purpose of the inquiring party, and certify that the information will be used for no other purpose.

36. Unauthorized inquiries create an increased risk of privacy harm and identity theft. Congress specifically recognized the "elaborate mechanism developed for investigating and evaluating credit worthiness, credit standing, credit capacity, character, and general reputation of consumers" and the "need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." *Nayab v. Capital One Bank (USA), NA*, 942 F. 3d 480, 492 (9th Cir. 2019).

**B.    Plaintiff Filed Bankruptcy and Received a Discharge**

37. Plaintiff filed a voluntary petition for Chapter 7 bankruptcy on December 29, 2020, in order to repair her creditworthiness and discharge certain debts.

38. Plaintiff's bankruptcy was discharged on April 9, 2021.

39. Discover received multiple electronic notices from the bankruptcy court, including the notice of discharge on April 9, 2021.

**C.    Unauthorized Inquiries – Discover Bank**

40. Plaintiff alleges her prior account relationship with Discover Bank was terminated on April 9, 2021.

41. Plaintiff alleges from April 9, 2021 through December 7, 2021, she never applied for or inquired about a loan or credit transaction from Discover Bank, nor did she inquire about employment or insurance from Discover Bank.

42. Plaintiff alleges she never authorized Discover Bank to access her credit reports, or her personal and sensitive information which led to the Impermissible Pulls.

43. Plaintiff alleges Discover Bank did not have a permissible purpose as detailed in the FCRA for accessing Plaintiff's Equifax credit report on the date of the impermissible pull.

44. Plaintiff alleges Discover Bank did not have a permissible purpose as detailed in the FCRA for accessing Plaintiff's TransUnion credit report on the date of the impermissible pull.

45. Plaintiff alleges Discover Bank knew or should have known it had no permissible purpose to access her Equifax credit report, TransUnion credit report, or private information.

46. However, without any permissible purpose, Discover Bank impermissibly accessed Plaintiff's Equifax credit report and TransUnion credit report, invading her privacy and confidential information as well as increasing her risk for identity theft, fraud, and other privacy harm.

47. Plaintiff alleges after she filed a complaint against Discover Bank[1], as part of that litigation Discover Bank accessed her credit reports which is not a permissible purpose.

**D.     Damages**

48. Plaintiff pulled the credit reports at issue at a cost for access to the report specifically for the sole purpose of verifying who was accessing her credit reports and personal data.

49. As a result of the Impermissible Pulls, Plaintiff has incurred out-of-pocket expenses, and has also suffered emotional harm, physical sickness, and excessive stress resulting in doubt as to the effectiveness of the Bankruptcy Code, the Fair Credit Reporting Act, and the power of this Court to preserve her rights to determine who can and cannot access her private and sensitive information.

50. Due to Discover Bank's impermissible access to Plaintiff's Equifax credit report and TransUnion credit report, Plaintiff has suffered an invasion of her privacy and confidential information. In addition, the Impermissible Pulls have subjected Plaintiff to an increased risk of identity theft, fraud, and other privacy harm, resulting in consequential anxiety and emotional distress.

51. Discover Bank's actions, as alleged herein, are in direct violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681b.

## FIRST CAUSE OF ACTION

### (Violation of Fair Credit Reporting Act 15 U.S.C. § 1681b)

### (Against Defendants and Does 1-100)

52. Plaintiff re-alleges and incorporates the allegations in each and every paragraph above by reference as if fully stated herein.

**A.     Discover Bank Violated Plaintiff's Privacy by Accessing Her Credit Reports Without Authorization**

53. From April 9, 2021 through December 7, 2021, Plaintiff never conducted any business or incurred any financial obligations with Discover Bank.

---

[1] Plaintiff previously filed a complaint against Discover Bank prior to the Impermissible Pulls. *See Elizabeth A. Lassiter v. Equifax Information Services, LLC, et al.,* Case No. 5:21-cv-1196 (W.D. Tex., Complaint filed December 6, 2021).

54. Plaintiff's prior authorization, if any, given to Discover Bank on a prior account, does not continue in perpetuity. *Smith v. One Nev. Credit Union*, Case No.: 2:16-cv-02156-GMN-NJK, 4 (D. Nev. Jun. 27, 2017) ("This argument rings hollow. The idea that a single authorization to obtain credit reporting information for a once existing account would authorize an institution to continue to obtain such information pertaining to a terminated account into perpetuity strains credulity."). Thus, Discover Bank has no authorization on which it can rely.

55. By accessing Plaintiff's credit reports, Discover Bank obtained personal and private information about her, including her current and past addresses, birthdate, employment history, and telephone numbers.

56. By accessing Plaintiff's credit reports, Discover Bank obtained information relative to Plaintiff's personal and individual credit accounts, payment history on those accounts, credit history, and credit worthiness.

57. By accessing Plaintiff's credit reports, Plaintiff's private financial information was published to Defendant. In addition, unknown employees, representatives, marketing and business affiliates, and/or agents of Discover Bank also have viewed or have access to this sensitive, private information.

58. Defendant's access to Plaintiff's credit report will continue to be displayed on her credit reports for two (2) years from the date of the Impermissible Pulls.

59. Discover Bank's access to Plaintiff's credit report information, without Plaintiff's consent, falls outside of the scope of any permissible use or access included in 15 U.S.C. § 1681b.

60. Discover Bank's access to Plaintiff's credit report information was impermissible under the FCRA.

61. Plaintiff alleges Discover Bank violated 15 U.S.C. § 1681b(f) by obtaining Plaintiff's credit reports without authorization and without a certified purpose in accordance with § 1681e.

62. In the alternative, Plaintiff alleges Discover Bank certified the purpose was for "collections", which is a violation of 15 U.S.C. § 1681q as it was made under false pretenses since a discharged debt cannot be collected upon. Therefore, the violations of 1681q provide an additional basis for Discover Bank's liability under 1681n and 1681o.

63. Each of Discover Bank's Impermissible Pulls is a separate violation of the FCRA.

B. **Willful Violations**

64. Plaintiff alleges that Discover Bank's conduct resulted from an objectively unreasonable interpretation of the FCRA requirements detailing a permissible purpose for accessing a consumer's credit file.

65. As the FCRA does not allow a creditor to access a consumer's credit file once the account relationship has terminated, Discover Bank's violation was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

66. Discover Bank was repeatedly noticed by the bankruptcy court throughout the bankruptcy proceedings. As Discover Bank had actual knowledge the business relationship had been terminated, each of the Impermissible Pulls were intentional and each is a separate willful violation of Plaintiff's privacy.

67. As the FCRA does not allow a defendant to access a plaintiff's credit file during litigation, and as case law around the country is well settled on this fact, Discover Bank's violations were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

68. In the alternative, Discover Bank was negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

69. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys' fees from Discover Bank in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## PRAYER FOR RELIEF

70. WHEREFORE, Plaintiff prays for judgment as follows:

    a. For preliminary and permanent injunctive relief to stop Defendant from engaging in the conduct described above;

    b. Award statutory and actual damages pursuant to 15 U.S.C. § 1681n;

    c. Award punitive damages in order to deter further unlawful conduct pursuant to 15 U.S.C. § 1681n;

    d. Award attorneys' fees and costs of suit incurred herein pursuant to 15 U.S.C. §§ 1681n and 1681o;

    e. For determination by the Court that Defendant's policies and practices are unlawful and in willful violation of 15 U.S.C. § 1681n, *et seq.*; and

    f. For determination by the Court that Defendant's policies and practices are unlawful and in negligent violation of 15 U.S.C. § 1681o.

Respectfully submitted,

**SCHUMACHER LANE PLLC**

Dated: September 26, 2022

*/s/ Joshua B. Lane*
Joshua B. Lane
josh@schumacherlane.com
P.O. Box 558
Spring Branch, TX 78070
210-541-2154 ph
210-783-1383 fax
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of this matter by jury.

                                                **SCHUMACHER LANE PLLC**

Dated: September 26, 2022              */s/ Joshua B. Lane*
                                                    Joshua B. Lane
                                                    Attorneys for Plaintiff